## No. 57
### FORRESTER v. CLEVELAND (City)
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4679. Decided Dec. 3, 1923

801. MUNICIPAL LAW—Corporation · liable for acts done in performance of ministerial duty, by patrol wagon driver going at excessive. speed.

LEVINE, J.

### Epitomized Opinion
First Publication of this Opinion

Plaintiff Forrester was injured by being struck by a police patrol wagon belonging to defendant city which was being driven by a civilian employe at an excessive rate of speed and which was carrying police officers. In the pleadings and opening statement of counsel plaintiff contended that the wagon was being used in the performance of a ministerial function by the city. Defendant in the pleadings alleged that the function was governmental. At the conclusion of opening statement for plaintiff the Common Pleas, on motion of city, arrested the testimony from the jury and rendered judgment for defendant. Plaintiff prosecuted error. The Court of Appeals held:

If plaintiff had been able to show that the city was engaged in a ministerial or corporate duty, and that while so engaged its driver was negligent, resulting in injury to plaintiff, a prima facie case would have been made out. The mere fact that at the time of the accident the patrol wagon was carrying police officers was not sufficient to establish that the city was acting in the performance of a governmental duty only. Jones v. Sioux City, 170 NW. 445, followed. The trial court was in error in arresting the case from the jury. Judgment reversed.

Attorneys—Howell, Roberts & Duncan, for Forrester; C. H. Shuler, for City; all of Cleveland.

---

## No. 58
### STATE ex rel v. DURANT
Ohio Appeals, 8th Dist., Cuyahoga County
Decided Dec. 13, 1923

291. CONSTITUTIONAL LAW—Zoning ordinance of Lakewood constitutional, although it may deprive some people of property rights—Priviege of erecting a three-story apartment house in a residence district denied.

First Publication of this Opinion

Midd'eton, P. J., Sayre and Mauck, JJ., Sitting

This action was brought in mandamus in the Court of Common Pleas of Cuyahoga county against the defendant as Building Inspector of the City of Lakewood to compel him to ·issue to the relator a permit to ·construct ·a three-story brick apartment house upon a lot located on the south side of Clifton Boulevard in said city between certain streets. The permit was refused on the sole ground that the erection of the building upon the lot would conflict with the provisions of the "zoning ordinance" of the said city.

The Common Pleas refused to grant the writ for the reason that the ordinance is unconstitutional as violating Art. I, Sec. 19, of the Ohio Bill of Rights of the Constitution and constitutes the taking of private property without compensation, and second, that the ordinance is unreasonable in its application and constitutes a discrimination between owners of like property similarly situated. It appears from the evidence that the locality in which the relator's lot was situated had been devoted, prior to the passage of the ordinance, to the construction and maintenance of apartment houses. The State, the relator, carrier the case to the Court of Appeals, which held as follows:

Upon the question of the constitutionality of a general zoning ordinance, it may· be conceded that the weight of authority in the United States is against its constitutionality, but in this State not only is the right of authority to enact such laws granted under Home Rule Charters, but it is also given by virtue of 4366-7 to 4366-12 GC.; moreover, independent of these sources of authority, Sec. 3 of Art. XVIII of the Constitution gives all municipalities the power of local self-government and such grant is self-executing and no legislative action is necessary to make it available. Perrysburg (Vil.) v. Ridgeway, 108 OS. 245. It is also true that the modern tendency had been more and more to sustain such enactments. As the population in cities increases, the protection of health and welfare of the inhabitants requires supervision and such enactments cannot be made without some sacrifice of individual rights of the inhabitants.

The Supreme Court had this matter under consideration in Froelich v. Cleveland, 99 OS. 376, and considering this language, in this case, we are unable to conclude that the ordinance in question is invalid and unconstitutional, although ·it may deprive some individuals of property rights. The relator's complaint is, that by reason of the provision of the ordinance he cannot erect upon his lot an apartment house which, it may be presumed, was his intention when he became the owner of the lot. But his deprivation of the right to construct this building is no more injurious to him than would the erection of such a building be to the owners of private dwelling houses who now reside on both sides of said lot.

Attorneys—Reed, Meals, Orgill & Maschke and L. W. Wickham, for the State; Robert G. Curren, for Durant; all of Cleveland.